UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ, individually and on behalf of all others similarly situated | § § § § |
| Plaintiff, | § Docket No. 4:15-cv-01556 § § |
| v. | § JURY TRIAL DEMANDED § |
| BTI SERVICES, INC., WARRIOR ENERGY SERVICES, INC., SUPERIOR ENERGY SERVICES, INC., AND SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. | § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) § § § § |
| Defendants. | § § |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff Martin Rodriguez ("Plaintiff") and Defendants BTI Services, Inc., Warrior Energy Services Corporation (improperly named as Warrior Energy Services, Inc.), Superior Energy Services, Inc., and Superior Energy Services – North America Services, Inc. ("Defendants") (Plaintiff and Defendants are collectively, the "Parties") seek court approval of the settlement recently reached in this matter. The Parties represent that the settlement is fair and equitable.

Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties stipulate to the dismissal of the above-styled and numbered cause with prejudice, with each party to bear his/her/its own attorneys' fees and court costs.

**I. INTRODUCTION**

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq*. ("FLSA") alleging that Defendants failed to pay Plaintiff and others similarly situated

overtime wages as required by law. (See Plaintiff's Original Complaint, Docket Entry No. 1). There have been no opt-in plaintiffs added to the case, and Plaintiff has not moved for conditional certification. The Parties have negotiated and resolved Plaintiff's claims, and Plaintiff does not wish to pursue this matter as a collective action. Now, because the Parties have reached an agreement that disposes of all Plaintiff's claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, and that there are no other plaintiffs in the lawsuit, the Parties request that the Court approve the agreement, and dismiss Plaintiff's claims with prejudice.

## II. ARGUMENT & AUTHORITIES

Because Plaintiff's claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D.Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or

compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. See *Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendants' liability, if any, the amount of hours worked by Plaintiff during his employment with Defendants, as applicable, and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendants to be applicable to the Plaintiff. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid one or more potentially costly and lengthy trial settings, Plaintiff and Defendants have reached a private settlement of all claims, defenses and disputes between them in this cause.[1] During negotiation, and at the time of execution, Plaintiff had the benefit of the undersigned legal counsel, and was aware of his rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq*. By entering into this settlement, Defendants are not admitting any liability or violation of the FLSA, which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiff, Plaintiff's counsel, Defendants, and Defendants' counsel. In arriving at the proposed settlement, the Parties considered (i) liability disputes; (ii) whether Plaintiff is entitled to liquidated damages; (iii) whether Defendants acted willfully and

---

[1]  A copy of the Settlement Agreement entered into by the Parties is filed under seal as an attachment to this Motion.

the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiff's success on his claims, and (ix) other factual and legal issues.  The settlement was negotiated at arms' length.  The settlement amount includes both estimated unpaid overtime wages for Plaintiff, an equal amount for liquidated damages, and Plaintiff's attorneys' fees.  The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

Wherefore, Plaintiff and Defendants respectfully request that the Court approve the settlement and enter an agreed order of dismissal of the claims of all Plaintiff with prejudice, with each party to bear his/their own court costs and attorneys' fees in conformance with the foregoing stipulation.

| | |
|---|---|
| */s/ Jessica M. Bresler     w/p JMM* | */s/ William John Bux* |
| **Michael A Josephson** | **William John Bux** |
| **(Attorney-in-Charge)** | **(Attorney-in-Charge)** |
| Texas State Bar No. 24014780 | State Bar No. 03546400 |
| Federal ID No. 27157 | Federal ID No. 7396 |
| **Jessica M. Bresler** | **Jeffrey M. McPhaul** |
| Texas State Bar No. 24090008 | State Bar No. 24069018 |
| Federal ID No. 2459648 | Federal ID No. 1129775 |
| **Andrew Dunlap** | **LOCKE LORD, LLP** |
| Texas State Bar No. 24078444 | 600 Travis Street, Suite 2800 |
| Federal ID No. 1093163 | Houston, Texas   77002-3095 |
| **Lindsay R. Itkin** | 713.226.1269 (Telephone) |
| Texas State Bar No. 24068647 | 713.229.2537 (Fax) |
| Federal ID No. 1458866 | |
| **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON** | **Counsel for Defendants** |
| 1150 Bissonnet St. | |
| Houston, Texas 77005 | |
| 713.751.0025 (Telephone) | |
| 713.751.0030 (Fax) | |

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH, P.L.L.C**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713.877.8788 (Telephone)
713.877.8065 (Fax)

**Counsel for Plaintiff**

5

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on December 28, 2015, I conferred with counsel for Plaintiff via email regarding the foregoing Joint Motion. Counsel confirmed that Plaintiff is in agreement with this Joint Motion.


                                /s/  *Jeffrey M. McPhaul*
                                Jeffrey M. McPhaul
                                Attorney for Defendants


**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of December 2015, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's ECF system.

Michael A. Josephson
Andrew Dunlap
Jessica Bresler
Fibich, Leebron, Copeland,
Briggs & Josephson, L.L.P.
1150 Bissonnet Street
Houston, Texas  77005


Richard (Rex) Burch
Bruckner Burch, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas  77046


                                /s/  *Jeffrey M. McPhaul*
                                Jeffrey M. McPhaul